THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

NICHOLAS LESTER,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER JARVIS
ONABANJO (tax # 959010), SERGEANT WILSON
LEMA (tax # 942053), POLICE OFFICERS JOHN DOES
1-5, NEW YORK CITY POLICE DEPARTMENT
AGENCY COUNSEL JOHN DOE 6,

                              Defendants.

-------------------------------------------------------------------- x

**COMPLAINT**

21-CV-6877

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

      1.     This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, in which the plaintiff alleges that the City of New York and officers and lawyers employed by the New York City Police Department ("NYPD") violated his rights under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution by subjecting him to retaliation for exercising his right of free speech and his right of association, illegal search and seizure, false arrest, excessive force, a denial of a fair trial, a denial of due process and malicious prosecution. Plaintiff also asserts claims under New York State law. Plaintiff was arrested while peacefully protesting the deaths of George Floyd, Breonna Taylor and other allegedly unjustified deaths caused by police officers. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth,

Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred

upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide his New York State law claims of false arrest, false

imprisonment, assault, battery, malicious prosecution and vicarious liability which form part of

the same case and controversy as plaintiff's federal claims under Article III of the United States

Constitution.

4.      Venue is proper in the Southern District of New York pursuant to 28

U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the

incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiff's claims brought pursuant to New York State

law, a notice of claim was duly filed with the City of New York within 90 days of the arrest of

plaintiff, more than 30 days have elapsed since such filing, and the City has failed to settle

plaintiff's state law claims.  Plaintiff also testified at a 50-h hearing.

7.      This action is brought within one year and 90 days of the arrest of plaintiff

and the dismissal of the criminal charges filed against him.

## PARTIES

8.      Plaintiff is a resident of the State of New York, County of New York.

9.      The City of New York is a municipal corporation organized under the laws of the State of New York.

10.      The individual defendants are members of the NYPD.  The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.  The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

11.      Plaintiff is an African-American male who lives in Brooklyn and has no criminal record.

12.      During the evening of May 30, 2020, plaintiff was peacefully protesting the deaths of George Floyd, Breonna Taylor and other allegedly unjustified deaths caused by police officers.

13.      At all relevant times, plaintiff was engaged in free speech and was associating and protesting with individuals who shared similar views about the aforesaid deaths and the police in general.  During the protest, plaintiff was carrying and displaying a sign that said George Floyd and Black Lives matter.  Plaintiff chanted on occasion during the march, "George Floyd, say his name, Black Lives Matter."

14.      Plaintiff and the other protestors marched in Manhattan and Brooklyn. Plaintiff and other protestors exited the Manhattan Bridge, and proceeded to Bowery Street and First Street, arriving there at approximately 9:00 p.m.

15.      Plaintiff and other protestors observed several NYPD officers accosting and assaulting a black male protestor.  Some of the protestors asked the officers not to hurt the protestor and to stop what they were doing.  Plaintiff said nothing to the officers and did not

3

interfere in any way.  Plaintiff complied with an officer's order that he and others proceed to the sidewalk.

16.     Plaintiff then observed a NYPD officer assaulting another protestor. Plaintiff, who was on the sidewalk, and other protestors asked the officer to stop in an effort to de-escalate the situation.

17.     NYPD officers and a lawyer from the NYPD's Legal Bureau, who was wearing a shirt that said "NYPD Legal" on the back of it, acting in concert for the purpose of retaliating against plaintiff for his speech and his association with the other protestors, said "get him," referring to plaintiff.

18.     At this time, plaintiff had not committed any crime.

19.     Plaintiff asked the officers what he did wrong and several NYPD officers, and possibly the lawyer from NYPD Legal, attacked him and punched him in his face, head and other areas of his body.  Plaintiff was also kicked and possibly struck with a baton.  At no time did plaintiff resist or fight back.  Officers then trampled on plaintiff, stood on top of him and pressed an arm onto his chest, obstructing his breathing.  Plaintiff started to lose consciousness from the lack of oxygen.

20.     To save his life, plaintiff shouted out "my uncle works for the FBI."

21.     It appeared to plaintiff that his attackers and the lawyer from NYPD Legal were white.  One of plaintiff's attackers told plaintiff "you're not going to pull that shit here."

22.     Plaintiff was handcuffed with plastic ties behind his back and arrested. Plaintiff asked an officer to loosen the hand restraints because his wrists felt like they were going to "explode," but the officer did not loosen them.

23.     Upon information and belief, one of the officers involved in the attack and arrest of plaintiff was Officer Janus Onabanjo.

24.     After he was arrested, plaintiff was put on a crowded bus with other protestors who had been arrested.

25.     Plaintiff suffered a seizure and lost consciousness on the bus, which was caused by the unlawful use of force on him.

26.     Another arrested protestor on the bus, who may have been a doctor, called an ambulance.  An ambulance arrived and took plaintiff to New York Presbyterian Hospital. Among other injuries, plaintiff suffered a fractured nose and head and body trauma.  A doctor told plaintiff to see a neurologist when he was released because of the seizure.  Plaintiff was also told to see an ear, nose and throat physician.

27.     Plaintiff was taken to One Police Plaza and confined in a cell with other detainees.  One of the individuals in the cell was very ill.  Police officers did not provide the detainees with masks, although they were requested.

28.     A Desk Appearance Ticket ("DAT") was issued by Officer Onabanjo on May 31, 2020, which Sergeant Lema reviewed and approved, directing plaintiff to appear in Criminal Court, New York County, on September 10, 2020.  The DAT states that plaintiff was charged with resisting arrest, N.Y. Penal Law § 205.30.  This charge was false as plaintiff never resisted arrest or committed any other crime during the incident in question.  The DAT, containing the false charge, was maliciously filed for the purpose of commencing a false prosecution against plaintiff.

29.     N.Y. Penal Law § 205.30 states that "[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from

5

effecting an *authorized* arrest of himself or another person." (emphasis added).  Not only did plaintiff not resist the officers, the arrest of plaintiff was not authorized as required by the statute because plaintiff committed no crime.  Indeed, the DAT does not state that plaintiff committed any other crime, which, in itself, shows that there was no basis to arrest plaintiff.

30.     Plaintiff was released from custody on June 1, 2020, at approximately 10:00 a.m.  The officers could not locate plaintiff's backpack which contained his keys and phone.

31.     On July 8, 2020, despite the defendant officers attempt to commence a bogus prosecution against plaintiff for a purpose other than to see the ends of justice served, the New York County District Attorney's Office declined prosecution.  Plaintiff learned this when he arrived in criminal court for his court appearance on September 10, 2020.

32.     As a result of the defendants' actions, plaintiff suffered physical injuries, including a fractured nose, a seizure and head and body trauma, a loss of liberty, emotional distress, fear, embarrassment, humiliation, an invasion of privacy, damage to his personal and professional reputation, financial loss and medical and legal expenses.

## FIRST CLAIM

### (§ 1983; ILLEGAL SEARCH AND SEZIURE)

(Against all Defendants)

33.     Plaintiff repeats the foregoing allegations.

34.     Defendants, acting under color of state law, stopped, seized, searched and violated plaintiff without reasonable suspicion or probable cause in violation of the Fourth Amendment.

35.    Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

36.    As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

**SECOND CLAIM**

**(§ 1983; FALSE ARREST)**

(Against all Defendants)

37.    Plaintiff repeats the foregoing allegations.

38.    Defendants, acting under color of state law, arrested plaintiff without probable cause in violation of the Fourth Amendment.

39.    Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

40.    Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

41.    As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

**THIRD CLAIM**

**(§ 1983; UNREASONABLE FORCE)**

(Against all Defendants)

42.    Plaintiff repeats the foregoing allegations.

43.    Defendants, acting under color of state law, used objectively unreasonable force upon plaintiff in violation of the Fourth Amendment.

44. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

45. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

**FOURTH CLAIM**

**(§ 1983; DENIAL OF A FAIR TRIAL/DUE PROCESS)**

(Against all Defendants)

46. Plaintiff repeats the foregoing allegations.

47. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law, specifically that he resisted arrest, in violation of the Fair Trial Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment.

48. Defendants' conduct resulted in a deprivation of plaintiff's liberty.

49. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

50. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

**FIFTH CLAIM**

**(§ 1983; MALICIOUS PROSECUTION)**

(Against all Defendants)

51. Plaintiff repeats the foregoing allegations.

52. Defendants, acting under color of state law, violated plaintiff's rights under the Fourth Amendment by maliciously misrepresenting to prosecutors that plaintiff had

8

violated the law and initiating a prosecution against plaintiff which deprived plaintiff of liberty and which eventually terminated in plaintiff's favor.

53.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

54.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

## (§ 1983; VIOLATION OF DUE PROCESS)

(Against all Defendants)

55.     Plaintiff repeats the foregoing allegations.

56.     The Fourteenth Amendment's Due Process Clause imposes a duty on municipalities and municipal officials and employees to take reasonable measures to ensure that pre-trial detainees are held under safe and humane conditions.

57.     The defendants breached the aforesaid duty by subjecting plaintiff to conditions that posed a substantial risk of serious harm, specifically by placing plaintiff in a crowded cell during the COVID pandemic without a mask.

58.     Defendants' conduct caused plaintiff to suffer personal injuries and a substantial risk of harm.

59.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against all Defendants)

60.     Plaintiff repeats the foregoing allegations.

61.     Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First, Fourth, Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

62.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

63.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## EIGHTH CLAIM

### (§ 1983; RETALIATION)

(Against all Defendants)

64.     Plaintiff repeats the foregoing allegations.

65.     Defendants' actions, as described above, violated plaintiff's rights under the First Amendment because defendants were motivated in substantial part to retaliate against plaintiff for exercising his rights to free speech and freedom of association.

66.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

67.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

10

## NINTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

68.     Plaintiff repeats the foregoing allegations and incorporates by reference the plaintiffs' pleadings in *People of the State of New York by the Attorney General of New York v. City of New York, et al.*, 21-CV-00322 (S.D.N.Y.) a/k/a "*In re: New York City Policing During Summer 2020 Demonstrations.*"

69.     In *In re: New York City Policing During Summer 2020 Demonstrations*, plaintiffs set forth a *Monell* claim based on the unlawful conduct of the City of New York during the protests against police misconduct in the Spring and Summer of 2020.

70.     Based on the allegations contained in this pleading and the pleadings in *In re: New York City Policing During Summer 2020 Demonstrations*, the City of New York violated plaintiff's rights under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

71.     Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

72.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## TENTH CLAIM

### (FALSE ARREST & IMPRISONMENT & VICARIOUS LIABILITY UNDER N.Y. LAW)

(Against all Defendants)

73.     Plaintiff repeats the foregoing allegations.

74.     Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

75.     Because the individual defendants were acting within the scope of their employment when they falsely arrested and imprisoned plaintiff, the City of New York is vicariously liable to plaintiff.

76.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

77.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## ELEVENTH CLAIM

## (ASSAULT, BATTERY & VICARIOUS LIABILITY UNDER N.Y. LAW)

### (Against all Defendants)

78.     Plaintiff repeats the foregoing allegations.

79.     By subjecting plaintiff to unlawful force, as described above, defendants assaulted and battered plaintiff.

80.     Defendants placed plaintiff in apprehension of imminent harmful and offensive bodily contact without privilege or consent.

81.     Defendants made offensive contact with plaintiff without privilege or consent.

82.     Because the individual defendants were acting within the scope of their employment when they assaulted and battered plaintiff, the City of New York is vicariously liable to plaintiff.

83.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

84.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## **TWELFTH CLAIM**

### **(MALICIOUS PROSECUTION & VICARIOUS LIABILITY UNDER N.Y. LAW)**

(Against all Defendants)

85.     Plaintiff repeats the foregoing allegations.

86.     Defendants, acting within the scope of their employment as members of the NYPD, maliciously misrepresented to prosecutors that plaintiff had violated the law and initiated a prosecution against plaintiff which terminated in plaintiff's favor.

87.     Because the individual defendants were acting within the scope of their employment when they maliciously prosecuted plaintiff, the City of New York is vicariously liable to plaintiff.

88.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

89.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

13

     d.     Such other and further relief as the Court may deem just and proper.

DATED:  August 16, 2021


_____/s/_____

MICHAEL HUESTON
Attorney at Law
16 Court Street, Suite # 1800
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com


RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1507
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com

14