**RICHARD CARDINALE**
ATTORNEY AT LAW
26 COURT STREET, SUITE 1507
BROOKLYN, NEW YORK 11242
(718)624-9391
RICHCARDINALE@GMAIL.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2021

December 3, 2021

**BY ECF**
The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Nicholas Lester v. City of New York, et al.*, 21-CV-06877 (JPC) (RWL)

Dear Judge Lehrburger:

    Michael Hueston and I represent the plaintiff Nicholas Lester in this case alleging police misconduct.  This case is participating in this District's "1983 Plan."  *See* Local Civil Rule 83.10 ("*Unless otherwise ordered*, in civil cases filed by a represented plaintiff against the City of New York ('City') and/or the New York City Police Department ('NYPD') or its employees alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983, the procedures set forth below shall apply …") (emphasis added).  I write to request that the Court order the City of New York and/or the Civilian Complaint Review Board ("CCRB") to produce its investigative file concerning the underlying incident.  Defense counsel and I spoke this morning in an attempt to resolve the dispute and we communicated about the issue previously by email.  Defendants oppose production and will be writing separately.

    The facts of this case can be summarized as follows.  Plaintiff, who has never been arrested prior to the incident was issue, was falsely arrested and subjected to excessive force by New York City Police Officers in May 2020, resulting in serious injuries, including a fractured nose and a seizure while in custody.  Plaintiff was charged with resisting arrest, without any underlying charge, which the New York County District Attorney's Office declined to prosecute.

    First, this is not a dispute involving defense counsel, who has been very cooperative.  Although CCRB is a City agency and the City is a defendant, I am aware that CCRB will not provide the file to the Office of the Corporation Counsel on the grounds that it may "interfere with the investigation."  This is a position that CCRB has taken for many years.  *Kitevski v. City of N.Y.*, 04-CV-7402, 2006 U.S. Dist. LEXIS 11017, at *6 (S.D.N.Y. Mar. 16, 2006) ("Counsel for the City maintains that he has made numerous requests to the IAB for these documents, but production has not been forthcoming.  Similarly, although the City asserts that the CCRB files are not relevant, counsel concedes that he has not been provided the files, and that his objection on relevance grounds is based on notations that the charges against Curran were not sustained.").

A CCRB complaint was filed shortly after the incident with plaintiff in May 2020. Although it has been over a year and a half, CCRB has still not completed its investigation. This type of delay or foot dragging is common with CCRB. Plaintiff needs the investigative file to learn the names of the officers who were physically involved in his arrest and the use of force so that he can amend the complaint and add these officers as defendants. *See* Local Civil Rule 83.10(6) (amendment of complaint).

We also need the CCRB file to formulate a settlement demand based on the facts, some of which are presently unknown to us. Local Civil Rule 83.10(7) (settlement demand). Among other things, we need the statements that CCRB obtained from witnesses and police officers, the names of the witnesses and eventually their contact information, videos and documents, and all other facts obtained by CCRB in the last year and a half. Defense counsel likely needs these materials as well to properly evaluate the case for settlement, although he has not said so.

According to the 1983 Plan, CCRB need not produce its file until it completes its investigation, *see* Local Civil Rule 83.10(5)(a)(ii), however, this is subject to the "Unless otherwise ordered" provision in the first paragraph of the Plan. *See* Local Civil Rule 83.10 (first paragraph). Given the unexplained delay by CCRB, which, as a civil rights lawyer, I have observed for many years and is commonplace, and the fact that we have a substantial need for the file, the file should be produced.

We agree to keep the file on an "attorney's eyes only" basis at this time and to not contact any witnesses until the Court orders otherwise. *Kitevski v. City of N.Y.,* 2006 U.S. Dist. LEXIS 11017, at *7 n.2 ("Ordering production of the CCRB and Internal Affairs Bureau files in a police misconduct case, despite the fact that the investigation remained open, and stating "[l]eft unexplained is the two and one-half year duration of the IAB investigation. Coupled with the City's position that open case files are non-discoverable, the failure to bring closure to the investigation would make unavailable to Kitevski information relevant to his claim."); *Schiller v. City of N.Y.,* 252 F.R.D. 204, 212 (S.D.N.Y. 2008) (("I]t does not follow that documents are privileged simply because they were created pursuant to an investigation that is still active, especially where, as here, the documents at issue discuss events remote in time. The City is still required to show how disclosure of specific information would jeopardize or harm the investigation."); *see also Skibo v. New York*, 109 F.R.D. 58, 64-66 & n. 1 (E.D.N.Y. 1985) (ordering production of CCRB file despite defendants' claim that the file was privileged and production was unduly burdensome).

Respectfully,

*Richard Cardinale*

Richard Cardinale

Copy: All counsel (by e-mail)

Plaintiff's request is DENIED without prejudice. Plaintiff has not presented any compelling reason to diverge from the 1983 Plan rules governing discovery of CCRB materials at this time. The cases cited by Plaintiff pre-date adoption of the 1983 Plan.

SO ORDERED:

12/10/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE