# RICHARD CARDINALE

ATTORNEY AT LAW
26 COURT STREET, SUITE 1507
BROOKLYN, NEW YORK 11242
(718) 624-9391
RICHCARDINALE@GMAIL.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2022

January 13, 2022

**BY ECF**
The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:  *Nicholas Lester v. City of New York, et al.*, 21-CV-06877 (JPC) (RWL)

Dear Judge Lehrburger:

      Michael Hueston and I represent the plaintiff Nicholas Lester in this case alleging police misconduct.  I write in further support of plaintiff's motion to compel and in opposition to defendants' belated request for a stay until the Civilian Complaint Review Board ("CCRB") completes its investigation into the underlying incident.

      The facts of this case can be summarized as follows.  Plaintiff, who has never been arrested prior to the incident was issue, was falsely arrested and subjected to excessive force by New York City Police Officers in May 2020, resulting in serious injuries, including a fractured nose and a seizure while in custody.  Plaintiff was charged with resisting arrest, without any underlying charge, which the New York County District Attorney's Office declined to prosecute.

      A CCRB complaint was filed shortly after the incident with plaintiff in May 2020.  Although it has been over a year and a half, CCRB has still not completed its investigation and defense counsel has not provided an affidavit from a CCRB official indicating when the investigation will end.

      It is unfair to deny a plaintiff with such serious injuries a prompt resolution of his case because an agency of the City of New York is supposedly conducting an investigation with no end in sight.  *Francis v. City of N.Y.,* 262 F.R.D. 280, 282 (S.D.N.Y. 2009) ("In many cases, plaintiffs face hardship pending resolution of their claims: loss of a job, lack of money to pay bills, or continued deprivation of constitution rights.  On the other side of the equation, many large corporate defendants face the same hardships borne by the City: the need for internal investigation, inquiry into possible conflicts of interest, and determination whether employees wish to be represented by the corporation's chosen counsel.  These companies defend themselves in litigation without the aid of an automatic enlargement of time. Thus no general rationale justifies the uniform extension sought by the City in this and so many other cases.").

Courts routinely deny the Corporation Counsel's frequent attempts to delay a case while everyone waits for a City agency, the CCRB, which it routinely represents in litigation, drags its feet. *Rivera v. City of N.Y.*, No. 11-cv-04187 (NG) (MDG), 2011 U.S. Dist. LEXIS 138055, at *2 (E.D.N.Y. Dec. 1, 2011) ("This Court is not persuaded by defendant's generalized claim that discovery in this proceeding would have any impact on the CCRB investigation, let alone disrupt the agency's efforts. On the contrary, information discovered in this action may assist in the conduct of the CCRB investigation. In fact, this Court has supervised discovery in many other Section 1983 actions which were commenced before completion of a CCRB investigation and the parties always have proceeded with discovery before issuance of a final CCRB report."); *Franks v. City of N.Y.,* No. 16-cv-9938 (ER), 2017 U.S. Dist. LEXIS 192729, at *9 (S.D.N.Y. Nov. 21, 2017) ("Plaintiffs have a strong interest in efficiently litigating their case and Defendant has not provided sufficient evidence that it will be unduly prejudiced, or that its constitutional rights will be violated without a stay."). Moreover, the 1983 Plan contemplates that police misconduct cases proceed while a CCRB investigation is still pending. *See id* at *10 n.3 ("The Court agrees with the Plaintiffs that Local Rule 83.10(5)(a)(ii) contemplates moving forward."); *see id.* at *10 ("Defendant also argues that the Court should grant the stay because of the ongoing CCRB investigation. According to Local Rule 83.10, a CCRB review is not a dispositive reason to grant the stay.").

If one of the potential defendants is a "subject" of the CCRB investigation, and defense counsel does not suggest that this means anything other than an officer was personally involved, rather than a target, the Corporation Counsel may request outside counsel for that officer, which the police union provides at no cost. *See In re N.Y.C. Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (CM)(GWG), 2021 U.S. Dist. LEXIS 81409, at *30-31 (S.D.N.Y. Apr. 28, 2021) ("Corporation Counsel regularly defends NYPD officers in federal court while the NYPD conducts an internal review of possible misconduct, as required by statute. …And none of the officers has asked to be separately represented, though they could certainly bring in their own lawyers if they thought their interests were not being adequately represented."). Indeed, Lt. Gallagher, a *lawyer* employed in the NYPD Legal Division, was likely represented by union counsel when he was questioned by the CCRB investigator. If Gallagher thought he was facing discipline and that Corporation Counsel was in fact conflicted, he is well aware as a lawyer that he can obtain outside counsel. Moreover, defense counsel claims he has been unable to communicate with Gallagher, but, as he states in his letter, he has determined that Gallagher initiated the arrest of plaintiff. Apparently, defense counsel has been unable to speak with the numerous other officers involved in the incident.

Finally, plaintiff's motion to compel should be granted. Plaintiff represented in his motion to compel that he cannot determine from videos the identities of the officers involved in his arrest and the use of force on him. If defense counsel himself was able to make this determination from a video, he would have been able to inform us which officers were involved in the incident as opposed to who was merely present.

Respectfully,

*Richard Cardinale*

Richard Cardinale

Copy: All counsel (by e-mail)

Plaintiff's request to compel the CCRB to produce its investigative file to Defendants (Dkt. 33) is DENIED without prejudice. Defendants' request for a stay pending completion of the CCRB investigation (Dkt. 34) is DENIED. Plaintiff can proceed based on the identifying information provided to date. Determination of exactly which defendant did what can be determined through discovery. Defense counsel's conflict concern is obviated by Officer Ghallagher's ability to retain independent defense counsel

SO ORDERED:

1/13/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE