# RICHARD CARDINALE
ATTORNEY AT LAW
26 COURT STREET, SUITE 1507
BROOKLYN, NEW YORK 11242
(718) 624-9391
RICHCARDINALE@GMAIL.COM

April 4, 2022



**BY ECF**
The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court for the
   Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Nicholas Lester v. City of New York, et al.*, 21-CV-06877 (JPC) (RWL)

Dear Judge Lehrburger:

    Michael Hueston and I represent the plaintiff Nicholas Lester in this case alleging police misconduct.  We write once again to compel parts of the Civilian Complaint Review Board ("CCRB") file pertaining to the incident at issue so that we will have the correct information we need to amend the complaint yet again and join the correct defendants.  We also need to drop the defendants misidentified by defense counsel, who did not have the benefit of the CCRB file because CCRB, which has purportedly been investigating the incident since May 2020, has allegedly still not completed its investigation, assuming there is still an active investigation and the file is not sitting in a drawer.

    By order dated December 10, 2021, Your Honor denied plaintiffs' motion to compel the CCRB file pertaining to the underlying incident, because plaintiff did not present a compelling reason.  As we argued in our prior motion to compel, plaintiff needs the CCRB investigative file to learn the names of the officers who were physically involved in his arrest and the use of force so that he can amend the complaint and add these officers as defendants.  *See* Local Civil Rule 83.10(6) (amendment of complaint).

    I have attached, as an Exhibit to this letter, defense counsel's email from today stating we were provided with the names of officers who were not involved in the incident at issue and setting forth names of officers we have never heard of before who may need to be added, subject to further investigation.  Because defense counsel did not have the CCRB file when he provided us with the names of the wrong officers, we wasted our time suing the wrong officers by naming the in the amended complaint and we paid a process server to serve the wrong people.

    We now have the compelling reason for the CCRB file that the Court indicated was necessary. Also, defendants refuse to refrain from asserting a statute of limitations defense

concerning the officers who are actually involved. We are also discussing with defense counsel reimbursement of the process server fees and this does not look like it is going to be simple.

Accordingly, plaintiff requests that the Court order CCRB to provide *defense counsel* (which it refuses to do) with the statements of the police officers who were interviewed during the CCRB investigation. These statements will enable defense counsel to provide us with the most accurate list of the officers who were personally involved because the officers who gave statements will indicate what they did and what their fellow officers did. CCRB cannot persuasively argue that providing the statements to defense counsel would interfere in its seemly never-ending investigation, which began in May 2020.

The Court has the power to order this relief. According to the 1983 Plan, CCRB need not produce its file until it completes its investigation, *see* Local Civil Rule 83.10(5)(a)(ii), however, this is subject to the "Unless otherwise ordered" provision in the first paragraph of the Plan, *see* Local Civil Rule 83.10 (first paragraph). Moreover, CCRB has had ample time to complete its investigation, which began in May 2020. CCRB should not be permitted to drag its feet and simultaneously withhold critical information which is needed to move this case forward.

Defense counsel objects yet again to CCRB being ordered to produce the officers' statements. Also, it is his position that we should not amend the complaint again until after the April 21, 2022 mediation because the case may settle. It is our position that it is highly unlikely that this case is going to settle at the mediation based on discussions held thus far between the parties. We are wasting the Court's time, our time and money and we are suing innocent officers because CCRB does not want to give defense counsel any part of its file. This must end.

Respectfully,

*Richard Cardinale*

Richard Cardinale

Copy: All counsel (by e-mail)

The application is denied as moot in light of Dkt. 82, wherein Defendant represents that the CCRB investigation has concluded and that it is producing the requested information.

SO ORDERED:

4/12/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE